GRACE A. KASS, PLAINTIFF-RESPONDENT, v. FRANK GLATZEL, DEFENDANT-APPELLANT.

Decided November 9, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the appellant, *Samuel H. Nelson.*

For the respondent, *Joseph Coult.*

PER CURIAM.

On August 21st, 1928, the plaintiff, at about seven-thirty o'clock in the morning, entered the bake shop kept by the defendant, for the purpose of making a purchase. The shop has two show windows in front, facing the street, and these two windows are divided by a vestibule about six or eight feet long. The vestibule inclines from the sidewalk, and at the top of the incline is the door, by means of which the only front entrance into the front of the store is made.

The plaintiff entered the store, and walked through the vestibule, and was gazing into one of the show windows, and according to her testimony, took no notice of the condition of the vestibule at that time; that she was about five or ten minutes in the store and made purchases. As she was leaving, she noticed the floor of the store was quite wet; she walked over and just entered the vestibule, when she slipped and fell.

The fall caused her hands to come in contact with the floor and then she perceived the floor was soapy and slippery. Her clothes which came in contact with the floor were soapy and very dirty.

An action was brought by the plaintiff, against Frank Glatzel, and Ida Glatzel, his wife, to recover damages sustained by the plaintiff as the result of her fall. A nonsuit was granted as to Ida Glatzel, and the case proceeded against Frank Glatzel, alone.

There was a verdict for the plaintiff, and a judgment entered thereon in the sum of $1,250 against the defendant.

The grounds of appeal relied on by the appellant, for a reversal of the judgment, are: (1) "The Circuit Court erred in refusing to grant a nonsuit on the grounds there was no evidence indicating that the defendant-appellant, Frank Glatzel, had any knowledge of the condition of the vestibule, that is, that the vestibule was wet and soapy as complained of by the plaintiff." (2) "The Circuit Court erred in refusing to grant a nonsuit on the ground that the plaintiff's testimony indicated, as a matter of law, that the plaintiff was guilty of contributory negligence, in that she failed to make proper observation for her own safety in walking into the vestibule in question, and failed to make the proper observation for her safety while in the vestibule in question."

Neither of these propositions is sustained by the proof. As to the first ground of appeal, there was proof the floor was wet, and the defendant himself testified he washed the floor that morning. According to plaintiff's testimony, the floor was not only wet, but it was slippery from the soap which had been used in the washing. The defendant having admitted he washed the floor up to the entrance door, the jury had a right to infer from the fact that there was a down-grade from there to the street, that the soap and water used to wash the floor, by the defendant, seeped down into the vestibule. The jury was warranted from defendant's testimony to infer that he had knowledge, not only that the floor was wet, but the vestibule also.

As to the second ground for reversal, that the plaintiff was guilty of contributory negligence, it is quite clear, that under the circumstances which confronted her, the question whether she had exercised reasonable care for her own safety in leaving the store, was a jury question. There was no testimony of any fact or circumstance which tended to indicate to her mind that the floor was dangerous to walk upon, and that it was a hazardous undertaking, on her part, to leave the store by the only exit afforded for that purpose.

Judgment is affirmed, with costs.